**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Tyler Harris,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Los Angeles County,<br><br>　　　　　Defendant. | Case No. 2:25-cv-00231-APG-BNW<br><br>**SCREENING ORDER AND<br>REPORT AND RECOMMENDATION** |

　　　　The court previously screened Plaintiff's complaint as required by 28 U.S.C. § 1915(e)(2). ECF No. 3. It recommended that the complaint be dismissed without leave to amend. *Id*. In so doing, the court explained that (1) plaintiff had not provided sufficient factual allegations to state a claim and (2) he did not have a private right action to assert criminal statutes as claims. *Id*.

　　　　On that same day Plaintiff filed an amended complaint. ECF No. 5. As a result, the court will withdraw its previous report and recommendation at ECF No. 3.[1] For the reasons stated above, the court recommends that the amended complaint be dismissed without leave to amend.

**I.　　Analysis**

　　　　In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it contains "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual

---

[1] The order regrading plaintiff's ability to proceed pro se will not be withdrawn.

matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Section 1391(b) of Title 28 of the U.S. Code provides, in pertinent part, that a "civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Plaintiff's complaint is hard to understand. Nevertheless, it is clear that the alleged conduct at issue took place in Los Angeles, California. Thus, Plaintiff's claims bear no relation whatsoever to the District of Nevada. Accordingly, the court finds venue is not proper in this district. See 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488. Accordingly, the court will recommend that Plaintiff's complaint be dismissed without leave to amend in this district.[2]

---

[2] The court also notes that (1) several of his claims describe fantastic and delusional scenarios, (2) that there is no private right of action to assert criminal statutes as claims, and (3) some of the claims under §1983 are improperly raised. Nevertheless, given the court finds venue to be lacking it will not provide further analysis.

## II. Conclusion

**IT IS THEREFORE RECOMMENDED** that the complaint (ECF No. 5) be DISMISSED without leave to amend. Plaintiff may pursue his claims in the appropriate district court.

**IT IS FURTHER ORDERED** that the Report and Recommendation at ECF No. 3 is withdrawn.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: February 11, 2025

_____
Brenda Weksler
United States Magistrate Judge